**AB**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICAL GUARDIAN LLC,<br><br>Defendant. | Case No.  **19    2371**<br><br>CLASS ACTION COMPLAINT<br><br><br>**FILED**<br><br>**MAY 3 1 2019**<br><br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff Andrew Perrong ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      Medical Guardian LLC made a series of prerecorded telemarketing calls to Mr. Perrong's residential telephone number, which is charged per call, in violation of the TCPA.

3.      The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes.  Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide

scale illegal telemarketing and is consistent both with the private right of action afforded by the

TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Andrew Perrong is a Pennsylvania resident and a resident of this district.

6.      Defendant Medical Guardian LLC ("Medical Guardian") is a Pennsylvania

limited liability company with its principal place of business in Philadelphia, Pennsylvania and is

also a resident of this district.  Defendant's registered address is 1500 Locust Street, Suite 4310,

Philadelphia, Pennsylvania 19102.

## Jurisdiction & Venue

7.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the

Plaintiff's claims arise under federal law.

8.      Medical Guardian regularly engages in business in this district, including making

telemarketing calls into this district, and soliciting business from this district.  Furthermore,

Medical Guardian provides Pennsylvania residents with services in this district, is incorporated

in this district, and has offices in this district.

9.      Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant resides in

this district.

## The Telephone Consumer Protection Act

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the

telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing ...

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

2

The TCPA Prohibits Automated Telemarketing Calls

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service … or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13.     The TCPA also makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." *See* 47 U.S.C. § 227(b)(1)(B).

14.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers, services for which the called party is charged for the call, and residential lines.  Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without

3

requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 (2012) (footnotes omitted).

The TCPA Requires Telemarketers to Identify Themselves

16.     The TCPA's implementing regulations prohibit any company from initiating any telemarketing call unless the company has implemented internal procedures for maintaining a list of persons who request not to be called by the entity.  47 C.F.R. 64.1200(d).  Such internal procedures must meet certain minimum requirements to allow the entity to initiate telemarketing calls.  47 C.F.R. 64.1200(d)(1)-(6).

17.     This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted."  47 C.F.R. 64.1200(d)(4).

The Growing Problem of Automated Telemarketing

18.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC."  Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

19.     "The FTC receives more complaints about unwanted calls than all other complaints combined."  Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Tel Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-

consumer-protection-federal-communications-commission-

rulesregulations/160616robocallscomment.pdf.

20.     In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls,

compared with 3,401,614 in 2016.  Federal Trade Commission, *FTC Releases FY 2017 National*

*Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-

events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

21.     *The New York Times* recently reported on the skyrocketing number of robocall

complaints and widespread outrage about illegal telemarketing.  Tara Siegel Bernard, *Yes, It's*

*Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018),

https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; *see also* Katherine

Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them*, Wall St. J.

(July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-

can-do-about-them-1530610203.

22.     Industry data shows that the number of robocalls made each month increased

from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three

years.

23.     According to online robocall tracking service "YouMail," 5.2 billion robocalls

were placed in March 2019 at a rate of 168.8 million per day.  www.robocallindex.com (last

visited May 3, 2019).  YouMail estimates that 2019 robocall totals will exceed 60 billion. *See id.*

24.     The FCC also has received an increasing number of complaints about unwanted

calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in

2018.  FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data (last

visited May 3, 2019).

## Factual Allegations

25.     Defendant Medical Guardian offers medical alert systems.

26.     To generate new clients, Medical Guardian relies on telemarketing.

27.     One of the telemarketing strategies used by Defendant involves the use of

automated and prerecorded calls to solicit potential customers.

The Calls to Mr. Perrong

28.     Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

29.     Plaintiff's telephone number is (215) 322-XXXX.

30.     Plaintiff is charged for each call placed to that number.

31.     That number is on the National Do Not Call Registry.

32.     That number is used for residential purposes only.

33.     Medical Guardian placed calls to the Plaintiff on at least 26 occasions between

January 10, 2019 and May 20, 2019.

34.     A prerecorded message was then played:

> Hello. Press 1 Now. The first 100 callers will receive $2,000 in grocery
> coupons. If you're over the age of 55 and have had a slip and fall in the
> past 12 months, press 1 now to receive a medical alert device valued at
> $400 at no cost to you for the equipment. Press 1 now to receive your
> medical alert device and $2,000 in grocery coupons or press 3 to be
> removed from the marketing list. Again, press 1 now to receive your
> medical alert device and $2,000 in grocery coupon savings. So press 1
> now to speak to an enrollment specialist NOW!

35.     The use of a prerecorded message is consistent with the use of an ATDS, as it

would be illogical to manually call numbers only to then play a prerecorded message.

36.     The Caller ID Number on these calls came from a (211) or (121) area code. For

instance, the caller ID would display 211-625-835.

37.     (211) is an emergency services area code. (121) is an invalid area code.

6

38.     The Caller ID Number would also usually be missing a digit, making the caller ID only 9 digits in length and thus further invalid.

39.     All these facts are also consistent with the use of an ATDS, as it takes computerized dialing software to manipulate a Caller ID.

40.     The company was not identified in the prerecorded message, so the Plaintiff responded to speak with a live individual.

41.     The live individual identified his company as "Medical First Alarm."

42.     "Medical First Alarm" does not appear to be a registered company or fictitious name in any state or jurisdiction.

43.     To secure the real company name, the Plaintiff provided his credit card information during the call.

44.     The Plaintiff's purchase identified Medical Guardian LLC as the merchant.

45.     The Plaintiff's credit card company provided the following information about the transaction:

> Medical Guardian LLC
> Contact Telephone: 800-313-1191; 215-977-8000
> City and ZIP Code: Philadelphia, PA 19103
> Merchant Website: https://www.medicalguardian.com/

46.     This information exactly matches the information on Medical Guardian's contact us page on their website, https://www.medicalguardian.com/contact, archived at https://archive.is/xDF8g.

47.     Shortly thereafter, Plaintiff received the medical alert device he had ordered.  The package return address indicated Medical Guardian at 109 Rogers Road, Wilmington, DE 19801. Upon information and belief, this is Medical Guardian's warehouse and distribution facility. Moreover, the contents of the package indicated that it came from Medical Guardian.

48.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## Class Action Allegations

49.     As authorized by Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

50.     The proposed classes are tentatively defined as:

CLASS 1

All persons within the United States: (a) to whom Medical Guardian, and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) promoting Medical Guardian's products or services; (c) to their residential telephone number, cellular telephone number, or a number for which they are charged for the call; (d) using an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint through the date of class certification.

CLASS 2

All natural persons within the United States: (a) to whom Medical Guardian, and/or a third party acting on its behalf, made two or more calls in a twelve-month period; (b) promoting Medical Guardian products or services; (c) using a prerecorded voice that did not identify the company that was calling, or whose goods or services were being promoted; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

51.     The Plaintiff is a member of the classes.

52.     Excluded from the classes are the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of the judge's staff and immediate family.

53.     Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

54.     The potential class members number at least in the thousands.  Individual joinder of these persons is impracticable.

55.     There are questions of law and fact common to Plaintiff and the proposed classes, including:

      a.     Whether the Defendant was properly identified in the prerecorded message it sent;

      b.     Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

      c.     Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

      d.     Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

56.     Plaintiff's claims are based on the same facts and legal theories as class members and therefore are typical of the class members' claims.

57.     Plaintiff is an adequate representative of the classes because his interests do not conflict with the classes' interests, he will fairly and adequately protect the classes' interests, and he is represented by counsel skilled and experienced in litigating TCPA class actions.

58.     The Defendant's actions are applicable to the classes and to Plaintiff.

59.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class

members, which will be ascertainable from records and databases maintained by Defendant and others.

60.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violations of the TCPA, 47 U.S.C. § 227(b)

61.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62.     The foregoing acts and omissions of Medical Guardian and/or its affiliates, agents, and/or other persons or entities acting on Medical Guardian's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a prerecorded message to the residential telephone line of the Plaintiff.

63.     The foregoing acts and omissions of Medical Guardian and/or its affiliates, agents, and/or other persons or entities acting on Medical Guardian's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a prerecorded message to a telephone number of the Plaintiff where he was charged for the call.

64.     As a result of Medical Guardian's and/or its affiliates, agents, and/or other persons or entities acting on Medical Guardian's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the classes presumptively are entitled to an award of $500 in damages for each and every call made.

65.     Plaintiff and members of the classes are also entitled to and do seek injunctive relief prohibiting Medical Guardian and/or its affiliates, agents, and/or other persons or entities acting on Medical Guardian's behalf from making calls, except for emergency purposes, using an artificial or prerecorded voice in the future.

66.     The Defendant's violations were negligent, willful, or knowing.

## Count Two:
## Violation of the TCPA's Do Not Call provisions

67.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

68.     The foregoing acts and omissions of the Defendant constitute violations of the FCC's regulations implementing subsection 227(c) of the TCPA which prohibit anyone from making any call for telemarketing purposes to any residential or wireless telephone subscriber unless the caller has implemented the required minimum procedures for maintaining a list of persons who do not want to receive calls made by or on behalf of such person or entity.  47 C.F.R. 64.1200(d).

69.     Medical Guardian failed to identify itself in the prerecorded message sent to the Plaintiff and the putative classes.

70.     The Defendant's violations were willful and/or knowing.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A.     Certification of the proposed classes;

B.     Appointment of Plaintiff as representative of the classes;

C.     Appointment of the undersigned counsel as counsel for the classes;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.

F.      An award to Plaintiff and the classes of damages, as allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: May 30, 2019

Plaintiff,
By Counsel,

**/s/ Marc Davies**
Marc Davies (81789)
1315 Walnut Street, Suite 320
Philadelphia, PA 19107
Telephone: 215.876.7636
E-mail: marc@marcdavieslaw.com

Brian K. Murphy (*pro hac vice* to be filed)
Jonathan P. Misny (*pro hac vice* to be filed)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murphy@mmmb.com
            misny@mmmb.com

Anthony I. Paronich (*pro hac vice* to be filed)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
508.221.1510
E-mail: anthony@paronichlaw.com

JS 44 (Rev 06/17)

**CIVIL COVER SHEET**

19-CV-2371

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated | MEDICAL GUARDIAN LLC    19    2371 |

| **(b)** County of Residence of First Listed Plaintiff   Montgomery County, PA | County of Residence of First Listed Defendant ___ __  _ _  ___ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE.   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*  Marc Davies, 1315 Walnut Street, Suite 320, Philadelphia, PA 19107, 215 876 7636 | Attorneys *(If Known)* |
|---|---|

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
47 U.S.C. § 227

Brief description of cause
A putative class action brought pursuant to the Telephone Consumer Protection Act for automated telemarketing

**VII. REQUESTED IN COMPLAINT:**

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P.

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions)*    JUDGE ___ __ __   DOCKET NUMBER _ ___  __ __

| DATE | SIGNATURE OF ATTORNEY OF RECORD  /s/ Marc Davies  *mark d'avies* |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG JUDGE   MAY 31 2019 |
|---|---|---|---|---|

STATES DISTRICT COURT
FOR THE **AB** RN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

19    2371

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3551 Post Rd., Huntingdon Valley, PA 19006 _____

Address of Defendant: _____ 1500 Locust Street, Suite 4310, Philadelphia, PA 19102 _____

Place of Accident, Incident or Transaction: _____ Huntingdon Valley, PA _____

---

**RELATED CASE, IF ANY:**

Case Number _____ Judge _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 5/31/2019 _____ 81789
Attorney-at-Law / Pro Se Plaintiff _____ Attorney I D # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

| | |
|---|---|
| ☐ 1 | Indemnity Contract, Marine Contract, and All Other Contracts |
| ☐ 2 | FELA |
| ☐ 3 | Jones Act-Personal Injury |
| ☐ 4 | Antitrust |
| ☐ 5 | Patent |
| ☐ 6 | Labor-Management Relations |
| ☐ 7 | Civil Rights |
| ☐ 8 | Habeas Corpus |
| ☐ 9 | Securities Act(s) Cases |
| ☐ 10 | Social Security Review Cases |
| ☑ 11 | All other Federal Question Cases *(Please specify)*  Alleged violation of TCPA, 47 U S C § 227 |

**B.** *Diversity Jurisdiction Cases:*

| | |
|---|---|
| ☐ 1 | Insurance Contract and Other Contracts |
| ☐ 2 | Airplane Personal Injury |
| ☐ 3 | Assault, Defamation |
| ☐ 4 | Marine Personal Injury |
| ☐ 5 | Motor Vehicle Personal Injury |
| ☐ 6 | Other Personal Injury *(Please specify)* _____ |
| ☐ 7 | Products Liability |
| ☐ 8 | Products Liability   Asbestos |
| ☐ 9 | All other Diversity Cases *(Please specify)* _____ |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, _____ Marc Davies _____, counsel of record *or pro se plaintiff, do hereby certify*

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

DATE 5/31/19 _____ 81789
Attorney-at-Law / Pro Se Plaintiff _____ Attorney I D # (if applicable)

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

MAY 31 2019

**AB**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Andrew Perrong, individually and on behalf of:
a class of all persons and entities similarly
situated,                    v.

Medical Guardian LLC

CIVIL ACTION

**19**       **2371**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                    (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

5/31/19                                         Plaintiff
**Date**          **Attorney-at-law**              **Attorney for**

215.876.7636                                    marc@marcdavieslaw.com

**Telephone**          **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02

MAY 31 2019