**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>MEDICAL GUARDIAN LLC,<br><br>      Defendant. | Case No.2:19-CV-02371-AB<br><br>CLASS ACTION |

**DEFENDANT MEDICAL GUARDIAN LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Medical Guardian, LLC ("Medical Guardian"), by and through its attorneys, Blank Rome LLP, hereby submits the following *Answer and Affirmative Defenses* to Plaintiff Andrew Perrong's ("Perrong" or "Plaintiff") *Class Action Complaint* (the "Complaint"). In responding to the Complaint, Medical Guardian denies all allegations contained therein unless specifically admitted below.

**Preliminary Statement**

1.     Plaintiff Andrew Perrong ("Plaintiff) brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

**ANSWER:**    Medical Guardian admits only that Plaintiff purports to allege a claim against the named defendant. Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, which contain legal

145502.00608/121488585v.1

conclusions. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

2.     Medical Guardian LLC made a series of prerecorded telemarketing calls to Mr. Perrong's residential telephone number, which is charged per call, in violation of the TCPA.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

3.     The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes.  Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

4.     A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph. Medical Guardian specifically denies that this action is appropriate for class treatment.

## Parties

5.     Plaintiff Andrew Perrong is a Pennsylvania resident and a resident of this district.

145502.00608/121488585v.1

**ANSWER:**   Medical Guardian lacks knowledge regarding Plaintiff's allegations in this paragraph and therefore is unable to admit or deny the same. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

6.     Defendant Medical Guardian LLC ("Medical Guardian") is a Pennsylvania limited liability company with its principal place of business in Philadelphia, Pennsylvania and is also a resident of this district.  Defendant's registered address is 1500 Locust Street, Suite 4310, Philadelphia, Pennsylvania 19102.

**ANSWER:**   Admitted only that Medical Guardian is a limited liability company with its principal place of business in Philadelphia, Pennsylvania.  To the extent not expressly admitted, all other allegations are denied.

### Jurisdiction & Venue

7.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

8.     Medical Guardian regularly engages in business in this district, including making telemarketing calls into this district, and soliciting business from this district.  Furthermore, Medical Guardian provides Pennsylvania residents with services in this district, is incorporated in this district, and has offices in this district.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian admits only that it serves customers in Pennsylvania. Except as expressly admitted, Medical Guardian denies each and every allegation contained in this paragraph.

145502.00608/121488585v.1

9.      Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this district.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

## The Telephone Consumer Protection Act

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

### The TCPA Prohibits Automated Telemarketing Calls

11.      The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

12.      The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

145502.00608/121488585v.1

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

13.    The TCPA also makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." *See* 47 U.S.C. § 227(b)(1)(B).

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

14.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

15.    In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers, services for which the called party is charged for the call, and residential lines.  Specifically, it ordered that:

> [A] Consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition,

the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Red. 1830, 1 $44 (2012) (footnotes omitted).

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

### The TCPA Requires Telemarketers to Identify Themselves

16.    The TCPA's implementing regulations prohibit any company from initiating any telemarketing call unless the company has implemented internal procedures for maintaining a list of persons who request not to be called by the entity.  47 C.F.R. 64.1200(d).  Such internal procedures must meet certain minimum requirements to allow the entity to initiate telemarketing calls.  47 C.F.R. 64.1200(d)(1)-(6).

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

17.    This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. 64.1200(d)(4).

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

6

The Growing Problem of Automated Telemarketing

18.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting Off Robocalls* (July 22, 2016), https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman).

**ANSWER:**     This paragraph is not directed to Medical Guardian. By way of further response, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

19.     "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Tel Consumer Protection Act of 1991*, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016), https://www.ftc.gov/system/files/documents/advocacy_documents/commentstaff-ftc-bureau-consumer-protection-federal-communications-commission-rulesregulations/160616robocallscomment.pdf.

**ANSWER:**     This paragraph is not directed to Medical Guardian. By way of further response, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

20.     In fiscal year 2017, the FTC received 4,501,967 complaints about robocalls, compared with 3,401,614 in 2016. Federal Trade Commission, *FTC Releases FY 2017 National Do Not Call Registry Data Book and DNC Mini Site* (Dec. 18, 2017), https://www.ftc.gov/news-events/press-releases/2017/12/ftc-releases-fy-2017-nationaldo-not-call-registry-data-book-dnc.

**ANSWER:**     This paragraph is not directed to Medical Guardian. By way of further response, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

145502.00608/121488585v.1

21.     *The New York Times* recently reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing.  Tara Siegel Bernard, *Yes, It's Bad. Robocalls, and Their Scams, Are Surging*, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/vour-money/robocalls-riseillegal.html; *see also* Katherine Bindley, *Why Are There So Many Robocalls? Here's What You Can Do About Them*, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you-can-do-about-them-1530610203.

**ANSWER:**     This paragraph is not directed to Medical Guardian. By way of further response, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

22.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

**ANSWER:**     This paragraph is not directed to Medical Guardian. By way of further response, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

23.     According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 at a rate of 168.8 million per day.  www.robocallindex.com (last visited May 3, 2019).  YouMail estimates that 2019 robocall totals will exceed 60 billion.  *See id.*

**ANSWER:**     This paragraph is not directed to Medical Guardian. By way of further response, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

24.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in

145502.00608/121488585v.1

2018.FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data (last visited May 3, 2019).

**ANSWER:**   This paragraph is not directed to Medical Guardian. By way of further response, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

## Factual Allegations

25.     Defendant Medical Guardian offers medical alert systems.

**ANSWER:**   Admitted only that Medical Guardian is in the business of selling medical alerts. Except as expressly admitted, Medical Guardian denies each and every allegation contained in this paragraph.

26.     To generate new clients, Medical Guardian relies on telemarketing.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

27.     One of the telemarketing strategies used by Defendant involves the use of automated and prerecorded calls to solicit potential customers.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

### The Calls to Mr. Perrong

28.     Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, Medical Guardian denies the allegations contained in this paragraph.

29. Plaintiff's telephone number is (215) 322-XXXX.

**ANSWER:** Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

30. Plaintiff is charged for each call placed to that number.

**ANSWER:** Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

31. That number is on the National Do Not Call Registry.

**ANSWER:** Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

32. That number is used for residential purposes only.

**ANSWER:** Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

33. Medical Guardian placed calls to the Plaintiff on at least 26 occasions between January 10, 2019 and May 20, 2019.

**ANSWER:** Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

145502.00608/121488585v.1

34.     A prerecorded message was then played:

Hello. Press 1 Now. The first 100 callers will receive $2,000 in grocery coupons. If you're over the age of 55 and have had a slip and fall in the past 12 months, press 1 now to receive a medical alert device valued at $400 at no cost to you for the equipment.  Press 1 now to receive your medical alert device and $2,000 in grocery coupons or press 3 to be removed from the marketing list.  Again, press 1 now to receive your medical alert device and $2,000 in grocery coupon savings.  So press 1 now to speak to an enrollment specialist NOW!

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, Medical Guardian denies the allegations contained in this paragraph.

35.     The use of a prerecorded message is consistent with the use of an ATDS, as it would be illogical to manually call numbers only to then play a prerecorded message.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

36.     The Caller ID Number on these calls came from a (211) or (121) area code.  For instance, the caller ID would display 211-625-835.

**ANSWER:**     Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

37.     (211) is an emergency services area code.  (121) is an invalid area code.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

38.     The Caller ID Number would also usually be missing a digit, making the caller ID only 9 digits in length and thus further invalid.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

39.     All these facts are also consistent with the use of an ATDS, as it takes computerized dialing software to manipulate a Caller ID.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

40.     The company was not identified in the prerecorded message, so the Plaintiff responded to speak with a live individual.

**ANSWER:**     Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; to the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

41.     The live individual identified his company as "Medical First Alarm."

**ANSWER:**     Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph; to the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

42.     "Medical First Alarm" does not appear to be a registered company or fictitious name in any state or jurisdiction.

145502.00608/121488585v.1

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

43.     To secure the real company name, the Plaintiff provided his credit card information during the call.

**ANSWER:**   Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

44.     The Plaintiff's purchase identified Medical Guardian LLC as the merchant.

**ANSWER:**   Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

45.     The Plaintiff's credit card company provided the following information about the transaction:

> Medical Guardian LLC
> Contact Telephone: 800-313-1191; 215-977-8000
> City and ZIP Code: Philadelphia, PA 19103
> Merchant Website: https://www.medicalguardian.com/

**ANSWER:**   Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

46.     This information exactly matches the information on Medical Guardian's contact us page on their website, https://www.medicalguardian.com/contact, archived at https://archive.is/xDF8g.

**ANSWER:**   Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

47.   Shortly thereafter, Plaintiff received the medical alert device he had ordered.  The package return address indicated Medical Guardian at 109 Rogers Road, Wilmington, DE 19801. Upon information and belief, this is Medical Guardian's warehouse and distribution facility. Moreover, the contents of the package indicated that it came from Medical Guardian.

**ANSWER:**   Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

48.   Plaintiff and the other call recipients were harmed by these calls.  They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded.  Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

### Class Action Allegations

49.   As authorized by Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

**ANSWER:**   Medical Guardian admits that Plaintiff purports to bring this action as a class action, but denies that any sort of class exists and that Plaintiff is similarly situated to or could properly represent a class of individuals.

14

50.     The proposed classes are tentatively defined as:

CLASS 1

All persons within the United States:  (a) to whom Medical Guardian, and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) promoting Medical Guardian's products or services; (c) to their residential telephone number, cellular telephone number, or a number for which they are charged for the call; (d) using an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint through the date of class certification.

CLASS 2

All natural persons within the United States:  (a) to whom Medical Guardian, and/or a third party acting on its behalf, made two or more calls in a twelve-month period; (b) promoting Medical Guardian products or services; (c) using a prerecorded voice that did not identify the company that was calling, or whose goods or services were being promoted; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

**ANSWER:**   Medical Guardian admits that Plaintiff purports to bring this action as a class action, but denies that any sort of class exists and that Plaintiff is similarly situated to or could properly represent a class of individuals.

51.     The Plaintiff is a member of the classes.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

52.     Excluded from the classes are the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of the judge's staff and immediate family.

**ANSWER:**   Medical Guardian admits that Plaintiff purports to bring this action as a class action, but denies that any sort of class exists and that Plaintiff is similarly situated to or could properly represent a class of individuals.

145502.00608/121488585v.1

53.     Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

**ANSWER:**     Medical Guardian lacks knowledge regarding Plaintiff's allegations in this paragraph, and therefore is unable to admit or deny. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

54.     The potential class members number at least in the thousands.  Individual joinder of these persons is impracticable.

**ANSWER:**     Denied.

55.     There are questions of law and fact common to Plaintiff and the proposed classes, including:

     a.   Whether the Defendant was properly identified in the prerecorded message it sent;

     b.   Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

     c.   Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

     d.   Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

56.     Plaintiff's claims are based on the same facts and legal theories as class members and therefore are typical of the class members' claims.

16

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

57.   Plaintiff is an adequate representative of the classes because his interests do not conflict with the classes' interests, he will fairly and adequately protect the classes' interests, and he is represented by counsel skilled and experienced in litigating TCPA class actions.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

58.   The Defendant's actions are applicable to the classes and to Plaintiff.

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

59.   Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

**ANSWER:**   To the extent a response is required, Medical Guardian denies Plaintiff's unfounded and unsupported allegation that a "class action is the superior method for fair and efficient adjudication of the controversy."  This allegation directly contradicts the legislative history and purpose of the TCPA and court decisions.  There is nothing to indicate that individual litigation burdens the court system.  Medical Guardian denies any class should be certified in this

action and that this action is appropriate for class treatment.  To the extent a further response is required, Medical Guardian denies the allegations contained in this paragraph.

60.    The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case given the small recoveries available through individual actions.

**ANSWER:**    Medical Guardian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, which seem to contain legal conclusions and Plaintiff's personal beliefs.  To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

**Legal Claims**

**Count One:
Violations of the TCPA, 47 U.S.C. § 227(b)**

61.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:**    Medical Guardian realleges and incorporates its responses to the foregoing allegations as if fully set forth herein.

62.    The foregoing acts and omissions of Medical Guardian and/or its affiliates, agents, and/or other persons or entities acting on Medical Guardian's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a prerecorded message to the residential telephone line of the Plaintiff.

**ANSWER:**    This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

18

63.     The foregoing acts and omissions of Medical Guardian and/or its affiliates, agents, and/or other persons or entities acting on Medical Guardian's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a prerecorded message to a telephone number of the Plaintiff where he was charged for the call.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

64.     As a result of Medical Guardian's and/or its affiliates, agents, and/or other persons or entities acting on Medical Guardian's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the classes presumptively are entitled to an award of $500 in damages for each and every call made.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

65.     Plaintiff and members of the classes are also entitled to and do seek injunctive relief prohibiting Medical Guardian and/or its affiliates, agents, and/or other persons or entities acting on Medical Guardian's behalf from making calls, except for emergency purposes, using an artificial or prerecorded voice in the future.

**ANSWER:**     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

66.     The Defendant's violations were negligent, willful, or knowing.

145502.00608/121488585v.1

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

### Count Two:
### Violation of the TCPA's Do Not Call provisions

67. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:** Medical Guardian realleges and incorporates its responses to the foregoing allegations as if fully set forth herein.

68. The foregoing acts and omissions of the Defendant constitute violations of the FCC's regulations implementing subsection 227(c) of the TCPA which prohibit anyone from making any call for telemarketing purposes to any residential or wireless telephone subscriber unless the caller has implemented the required minimum procedures for maintaining a list of persons who do not want to receive calls made by or on behalf of such person or entity.  47 C.F.R. 64.1200(d).

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

69. Medical Guardian failed to identify itself in the prerecorded message sent to the Plaintiff and the putative classes.

**ANSWER:** This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

70. The Defendant's violations were willful and/or knowing.

145502.00608/121488585v.1

**ANSWER:**   This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Medical Guardian denies the allegations contained in this paragraph.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

A.      Certification of the proposed classes;

B.      Appointment of Plaintiff as representative of the classes;

C.      Appointment of the undersigned counsel as counsel for the classes;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.

F.      An award to Plaintiff and the classes of damages, as allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

Plaintiff requests a jury trial as to all claims of the complaint so triable.

**ANSWER:**   Medical Guardian admits that Plaintiff purports to seek the relief described in this paragraph and its subparts, but denies that the relief required is justified or available to Plaintiff.

## AFFIRMATIVE AND OTHER DEFENSES

Medical Guardian asserts the following affirmative defenses without assuming any burden of pleading or proof that would otherwise rest on Plaintiff.  All defenses are pleaded in the

21

alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.   All defenses pleaded below are based upon Medical Guardian's current understanding of the claims asserted by Plaintiff, and Medical Guardian reserves the right to plead additional defenses when and if they become appropriate and/or available in this action.  Medical Guardian may assert additional affirmative defenses to which it may be entitled or which may be developed during discovery, including additional unique affirmative defenses applicable to different putative class members of Plaintiff's proposed class insofar as class certification has not been granted and is not appropriate.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

The Complaint and each purported cause of action therein fails to state a claim against Medical Guardian upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### Lack of Article III Standing

The Court lacks the necessary subject matter jurisdiction over the claims that Plaintiff has asserted because Plaintiff has not alleged or suffered a particularized, concrete harm, fairly traceable to Medical Guardian's alleged conduct, to satisfy Article III standing.

## THIRD AFFIRMATIVE DEFENSE

### No Statutory Standing

Plaintiff is not within the "zone of interests" protected by the TCPA and thus lacks statutory standing to assert such claims against Medical Guardian.

145502.00608/121488585v.1

## FOURTH AFFIRMATIVE DEFENSE

### First Amendment

The TCPA violates the First Amendment of the U.S. Constitution on its face and as applied.

## FIFTH AFFIRMATIVE DEFENSE

### Due Process

The statutory damages allowed under the TCPA violate Medical Guardian's substantive due process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, as they are grossly disproportionate to the damages incurred by Plaintiff, which are inconsequential or immaterial.

## SIXTH AFFIRMATIVE DEFENSE

### Consent

Pursuant to the applicable TCPA implementing regulations, Plaintiff consented to receive calls regarding from Medical Guardian, and thus Plaintiff cannot maintain a claim for violation of the TCPA.

## SEVENTH AFFIRMATIVE DEFENSE

### Unclean Hands

The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### Good Faith

Medical Guardian at all times acted in good faith and within reasonable commercial standards as to the matters alleged in the Complaint.

145502.00608/121488585v.1

## NINTH AFFIRMATIVE DEFENSE

### Substantial Compliance and Bona Fide Error

Medical Guardian has substantially complied with the requirements of the Telephone Consumer Protection Act and qualifies for all exemptions and Safe Harbors provided by the TCPA and its corresponding regulations.

## TENTH AFFIRMATIVE DEFENSE

### Statute of Limitations

To the extent Plaintiff's alleged injuries or causes of action arose prior to the applicable statutory periods, those claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

## ELEVENTH AFFIRMATIVE DEFENSE

### Third-Party Conduct

Medical Guardian cannot be held liable for the claims Plaintiff asserted because a third party's conduct may have caused Plaintiff harm, and because the third-party's conduct was unusual and Medical Guardian had no reason to know or expect that the third-party would act the way it did.  Further, the harm that may have resulted from the third-party's conduct was different from any kind of harm that Plaintiff could possibly have expected because of Medical Guardian's conduct.  Medical Guardian cannot be held vicariously liable for the third-party's conduct since it had no prior knowledge of the conduct and did not endorse or ratify the conduct either before or after the conduct occurred.

145502.00608/121488585v.1

## TWELFTH AFFIRMATIVE DEFENSE

### No Duplicative Relief

To the extent that any relief sought by Plaintiff would be duplicative of relief sought by Plaintiff in other lawsuits, subjecting Medical Guardian to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Waiver and Estoppel

Plaintiff and members of any putative class have waived their right to recover herein, in whole or in part, and/or their claims are barred by estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Comparative Fault

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Medical Guardian, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Failure to Demand Discontinuance

Plaintiff's claims are barred in that Plaintiff failed to avail himself of his right to demand discontinuance of allegedly unsolicited call(s).

## SIXTEENTH AFFIRMATIVE DEFENSE

### Established Business Relationship

Plaintiff's claims are barred by the existence of the established business relationship exception to claims under the TCPA

145502.00608/121488585v.1

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

To the extent Plaintiff has suffered any damage as a result of the matters alleged in the Complaint, Plaintiff has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Not Knowing or Willful

Plaintiff is precluded from any recovery from Medical Guardian for a willful and knowing violation of the TCPA because any such violation (which Medical Guardian denies occurred) would not have been willful or knowing.

## NINETEENTH AFFIRMATIVE DEFENSE

### Claims Barred by Other States' Laws

Plaintiff's claims, and the claims of some or all putative class members, may be barred by the various laws of the 50 states, including statutes, regulations and common laws related to the allegations of wrongdoing addressed by other state's laws.

## TWENTIETH AFFIRMATIVE DEFENSE

### Failure to Plead Basis for Class Certification

Plaintiff has not pleaded an adequate basis for class certification and that class relief or certification is appropriate because the required elements of adequacy, commonality, typicality and preponderance are not present in the instant case.

145502.00608/121488585v.1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Class Certification Cannot be Met

The pre-requisites for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure cannot be met because, among other reasons, joinder of all members of the putative class is practicable; individual questions of fact and law predominate over common issues; Plaintiff's claims are not typical of the claims and/or defenses of other putative class members; Plaintiff is not an adequate representative for the putative class and Medical Guardian possesses unique defenses against Plaintiff; and a class action is not superior to other available methods of fair and efficient adjudication of the controversy.   In addition, the prerequisites for class certification cannot be met because the claims alleged, by their nature, raise factual issues of reliance, intent and other elements that cannot be addressed on a class basis.   Furthermore, determining the members of the class defined by Plaintiff would require individualized inquiries and essentially require mini-trials on whether each class member satisfied the class definition.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction – Non-Resident Putative Class Member(s)

The Court lacks personal jurisdiction over Medical Guardian as to the claims of any non-resident putative class member(s).  *See Bristol-Myers Squibb v. Super. Ct. of Calif.*, 137 S. Ct. 1773 (2017).

## PRAYER FOR RELIEF

WHEREOF, Medical Guardian denies that Plaintiff is entitled to any of the relief sought and deny that a class can be certified here.  Medical Guardian thus requests that the Court:

1.    Dismiss the Complaint with prejudice;

2.    Enter judgment for Medical Guardian;

3.    Dismiss the class claims;

4.      Award to Medical Guardian its costs, expenses, and attorney's fees incurred in

defending this action; and

5.      Grant such other and further relief as the Court deems just and proper.


Dated: July 29, 2019

                                                    **BLANK ROME LLP**


                                    By:     *s/Jeffrey N. Rosenthal*
                                            JEFFREY N. ROSENTHAL
                                            Attorney I.D. No. 209334
                                            One Logan Square
                                            Philadelphia, PA 19103-6998
                                            Tel.: (215) 569-5500
                                            Fax: (215) 832-5555
                                            Rosenthal-J@BlankRome.com

                                            *Attorney for Defendant,*
                                            *Medical Guardian LLC*

## CERTIFICATE OF SERVICE

I, Jeffrey Rosenthal, Esquire, counsel for Defendant, Medical Guardian LLC, hereby certify that on this date I served a copy of the foregoing Answer to Plaintiff, Andrew Perrong's Class Action Complaint via ECF upon the following:

Marc Davies
Marc Davies Law
1315 Walnut Street, Suite 320
Philadelphia, PA 19107
marc@marcdavieslaw.com
*Counsel for Plaintiff*

Brian K. Murphy
Jonathon P. Misny
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
murphy@mmmb.com
misny@mmmb.com
*Counsel for Plaintiff*

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Counsel for Plaintiff*

Dated:  July 29, 2019                    *s/Jeffrey N. Rosenthal*
                                         JEFFREY ROSENTHAL

145502.00608/121488585v.1